UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

___

COFFEE CAPITAL & DEVELOPMENT, LLC,

        Plaintiff,

v.

RPT RESTAURANT ACCOUNTING
SERVICES, LLC,

        Defendant.

Case No. 4:23-cv-13203

District Judge F. Kay Behm

Magistrate Judge Anthony P. Patti

___

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

___

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................. i

INDEX OF AUTHORITIES ....................................................................................... ii

STATEMENT OF ISSUE PRESENTED .................................................................. iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY .................................. iv

COUNTERSTATEMENT TO ADDITIONAL MATERIAL FACTS ..........1

ARGUMENT ...............................................................................................................2

    I.    CC&D Fails to Meet its Burden on Response and RPT has Established it is Entitled to Judgment as a Matter of Law. ...............................................................2

    II.    Wisconsin Law Applies. ..................................................................3

    III.    CC&D has Not Alleged RPT Breached Any Independent Legal Duty Separate and Distinct from the Contract. ............................................................4

    IV.    RPT's Cases Apply, While CC&D's Cases are Immaterial. ..............5

    V.    RPT Does Not Argue the Economic Loss Doctrine and Such Doctrine is Inapplicable Here. ...............................................................................................7

    VI.    CC&D's Admission it Was Aware the Duties RPT Allegedly Breached Arose Under the Agreement is Undisputable. ........................................7

    CONCLUSION ................................................................................7

# INDEX OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)................................................3
*Banek Inc. v. Yogurt Ventures U.S.A., Inc.*, 6 F.3d 357 (6th Cir. 1993).....................4
*Chrysler Corp. v. Skyline Indus. Servs., Inc.*, 448 Mich. 113 (1995).........................3
*Galeana Telecommunications Invs., Inc. v. Amerifone Corp.*, 202 F. Supp. 3d 711 (E.D. Mich. 2016)...................................................................................................6
*Gen. Elec. Co. v. Siempelkamp GmbH & Co.,* 29 F.3d 1095 (6th Cir. 1994) ...........4
*Grand Traverse Band of Ottawa & Chippewa Indians v. Blue Cross & Blue Shield of Michigan*, 391 F. Supp. 3d 706 (E.D. Mich. 2019)..........................................7
*Hedberg v. Indiana Bell Tel. Co.,* 47 F.3d 928 (7th Cir.1995)...................................3
*Hill v. Sears, Roebuck & Co.*, 492 Mich. 651, 672 (2012).........................................6
*In re Dickson*, 655 F.3d 585, 593 (6th Cir. 2011) .....................................................7
*In re E.I. du Pont de Nemours & Co. C-8 Pers. Inj. Litig.*, 316 F. Supp. 3d 1021 (S.D. Ohio 2015) ...................................................................................................6
*Landwehr v. Citizens Trust Co*., 110 Wis. 2d 716, 723 (1983) ............................ iv, 6
*Loweke v. Ann Arbor Ceiling & Partition Co.*, 489 Mich. 157 (2011) .....................6
*Madison Newspapers, Inc. v. Pinkerton's Inc.*, 200 Wis. 2d 468 (Ct. App. 1996)……
……………………………………………………………………………..iv, 5
*Marvaso v. Sanchez*, 2019 WL 3003681 (E.D. Mich. July 10, 2019).......................6
*Mill's Pride, Inc. v. Cont'l Ins. Co.,* 300 F.3d 701 (6th Cir. 2002) ............................3
*Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190 (6th Cir. 1995).........6
*Quest Diagnostics, Inc. v. MCI WorldCom, Inc.*, 254 Mich. App. 372 (2002).........7
*Shister v. Patel*, 322 Wis. 2d 222, 231 (Ct. App. 2009) ............................................7
*Smith Living Trust v. Erickson Retirement Cmties.*, 326 Mich App 366 (2018).......5
*Watkins & Son Pet Supplies v. Iams Co.*, 254 F.3d 607 (6th Cir. 2001) ...................4

**Statutes**

Fed. R. Civ. P. 56.......................................................................................................2

## **STATEMENT OF ISSUE PRESENTED**

1. Should Defendant's Motion for Summary Judgment be granted against Plaintiff where the existence of a contract between the parties precludes Plaintiff's alleged negligence claim as a matter of Wisconsin law?

   **Defendant's Answer: Yes.**

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

- *Madison Newspapers, Inc. v. Pinkerton's Inc.*, 200 Wis. 2d 468 (Ct. App. 1996)
- *Landwehr v. Citizens Trust Co.*, 110 Wis. 2d 716 (1983)

Defendant, RPT Restaurant Accounting Services, LLC ("RPT") submits this reply brief. Per the parties' Agreement, Wisconsin law governs their relationship. However, under either Wisconsin law or Michigan law, Plaintiff Coffee Capital & Development, LLC's ("CC&D"), negligence claim must be dismissed because it does not allege RPT has an independent legal duty separate and distinct from the Agreement – and none exists. The duties CC&D alleges RPT breached arise solely out of the Agreement. Accordingly, the Agreement precludes CC&D's negligence claim as a matter of law.  CC&D's negligence claim should be dismissed.

## **COUNTERSTATEMENT TO ADDITIONAL MATERIAL FACTS**

11. Upon information and belief, admits CC&D sent an email to RPT regarding an anticipated upcoming electronic cash transfer.  Denies the rest of Additional Material Fact #11.

12. Admits RPT never received the email regarding the anticipated, upcoming electronic cash transfer.  Admits a fraudster interfered with CC&D's email.  Denies the rest of Additional Material Fact #12.

13. Admits RPT received an email containing electronic payment instructions from a sender purporting to be a principal of CC&D.  Denies the rest of Additional Material Fact #13.

14. Upon information and belief, admits.

15. Admits.

16. Upon information and belief, admits.

17. Denies.

18. Admits RPT ultimately initiated the electronic cash transfer to a fraudster's account. Denies the rest of Additional Material Fact #18.

19. Upon information and belief, admits.

20. Denies.

21. Denies and affirmatively asserts CC&D was in the best position to discover and prevent the fraud.

22. Admits RPT has not reimbursed CC&D's loss of funds in the fraudulent transfer and affirmatively asserts CC&D indicated to RPT the lost funds were being recovered from Bank of America. Denies the rest of Additional Material Fact #22.

## ARGUMENT

### I. CC&D FAILS TO MEET ITS BURDEN ON RESPONSE AND RPT HAS ESTABLISHED IT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW.

RPT met its initial evidentiary burden, but CC&D has not established any genuine issue of **material** fact exists. CC&D argues summary judgment should be denied because CC&D "has not had the opportunity to complete discovery." [ECF No. 19, PageID.130]. CC&D submits an inadequate affidavit and alleges it "anticipates" conducting discovery on non-material issues of fact as to who caused the underlying damages. [*See id.*]. By Fed. R. Civ. P. 56's terms, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise

properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Only disputes over facts that might affect the outcome of the suit will properly preclude summary judgment. *Id.* Here, the factual dispute as to who caused the underlying damages will not change that the negligence claim should be dismissed as there are no duties outside of the Agreement. As established in RPT's initial brief, the issue is a purely legal one as to whether there exists an independent legal duty separate from the contract (and none exists). Because there is no viable negligence claim, RPT's motion for summary judgment should be granted. *See Hedberg v. Indiana Bell Tel. Co.,* 47 F.3d 928, 931 (7th Cir.1995).

## II.   WISCONSIN LAW APPLIES.

CC&D provides no support for its proposition the parties' agreed upon choice of law clause should not apply. [*Id.* at PageID.130-31]. Both Michigan choice-of-law and general equitable choice-of-law rules support enforcing an agreed-upon choice-of-law clause absent strong public policy or compelling evidence to the contrary. *See Mill's Pride, Inc. v. Cont'l Ins. Co.,* 300 F.3d 701, 705 (6th Cir. 2002); *Chrysler Corp. v. Skyline Indus. Servs., Inc.*, 448 Mich. 113, 132–33 (1995) (honoring the choice of law provision between two corporations). CC&D does not contend Michigan has any interests that would be implicated, nor that there are significant differences in the application of the laws. *See Banek Inc. v. Yogurt*

*Ventures U.S.A., Inc.*, 6 F.3d 357, 362 (6th Cir. 1993). Under either law, CC&D has not alleged an independent legal duty separate from the contract (and none exists).

The 6th Circuit has held tort claims arising out of contracts are subject to the choice of law clause. *See, e.g., Watkins & Son Pet Supplies v. Iams Co.*, 254 F.3d 607 (6th Cir. 2001) (promissory fraud claim subject to contract's choice of law); *see also Gen. Elec. Co. v. Siempelkamp GmbH & Co.,* 29 F.3d 1095 (6th Cir. 1994). Here, Section 11.1 of the Agreement states the "laws of the State of Wisconsin shall govern this Agreement." [ECF No. 13-3, PageID.93]. As discussed in RPT's initial brief and below in Section III, the alleged duties arise out of the Agreement, and not from any legal duty separate from the contract. Thus, Wisconsin law governs.

### III. CC&D HAS NOT ALLEGED RPT BREACHED ANY INDEPENDENT LEGAL DUTY SEPARATE AND DISTINCT FROM THE CONTRACT.

Even under Michigan's "separate and distinct" analysis, the result is the same as CC&D has not identified an independent legal duty grounded in common law or a statute imposing the duties CC&D alleges RPT breached – and none exists. CC&D alleges RPT breached four duties as a result of an "accountant/client" relationship, yet CC&D provides no support for such allegations. [ECF No. 19, PageID.131-33]. CC&D points to no common law or statute imposing such duties. Rather, CC&D mentions separate and distinct legal duties exist between "common carriers and their passengers, innkeepers and their guests, and doctors and patients." [*Id.* at

4

PageID.133]. CC&D does not allege such examples are similar to accountant/client – and they are not. CC&D has not alleged an independent legal duty.

The duties RPT purportedly breached clearly emanated from the Agreement. As mentioned in RPT's initial brief, the Agreement specifically lists RPT's duties in its relationship with CC&D. [ECF No. 13-3, PageID.96-97]. Some of these specific duties include the following: (1) "Prepare Client-approved Checks, Electronic Payments and Wire Transfers"; and (2) "Prepare and Process Inter-bank Cash Transfers." [*Id.*]. Thus, the duties CC&D alleges RPT breached only exist because of the Agreement. Even under Michigan law, RPT's failure to perform a contractual duty cannot give rise to a tort action, unless a duty exists separate and distinct from the contract, which as discussed above, is not the case here. *See Smith Living Trust v. Erickson Retirement Cmties.*, 326 Mich App 366, 395 (2018). CC&D tries to recast a breach of contract claim as a negligence claim to plead around bargained-for liability limitations in the parties' Agreement, a tactic the law does not support.[1]

## IV. RPT'S CASES APPLY, WHILE CC&D'S CASES ARE INAPPOSITE.

CC&D fails to distinguish from *Madison Newspapers, Inc. v Pinkerton's Inc.*, 200 Wis. 2d 468 (Ct. App. 1996) and *Landwehr v Citizens Trust Co*, 110 Wis. 2d

---

[1] Section 6.1 of the Agreement indemnifies damages "in any manner resulting from, arising out of, based upon or related to the … party's acts or omissions relating to this Agreement." [*Id.* at PageID.91]. Section 6.5 caps all losses/damages caused by RPT to a max liability of three months of accounting fees. [*Id.* at PageID.92].

5

716 (1983). Such cases apply here. Contrary to CC&D's assertion RPT "fails to identify any obligation in the Agreement to perform those duties," RPT identifies same in its initial brief, and above in Section III. [ECF No. 19, PageID.135]. Moreover, CC&D misconstrues *Colton v Foulkes*, 259 Wis. 142 (1951) (a common law duty to use reasonable care existed in the negligent repair of a porch that caused injury), which is inapposite here. CC&D falsely states under RPT's argument, *Colton*'s negligence claim "would have been barred" because defendant was only on site "due to the contract." [*Id.*]. *Colton* properly found an independent common law duty existed separate and distinct from the contract. Whereas there is no separate and distinct common law or statutory duty here. Additionally, all the cases CC&D cites are federal Michigan or 6th Circuit cases and thus, do not control here where Wisconsin law applies. Even if Michigan law applies, the cases CC&D cites support RPT's position[2], or are distinguishable and inapposite here.[3]

---

[2] *See Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190 (6th Cir. 1995) (affirming summary judgment even though discovery had not finished because the case's outcome would be the same); *Hill v. Sears, Roebuck & Co.*, 492 Mich. 651, 672 (2012) (granting summary disposition in defendants' favor where defendants no independent legal duty existed separate and distinct from a contract).

[3] *Marvaso v. Sanchez*, 2019 WL 3003681 (E.D. Mich.) is unpublished; *In re E.I. du Pont de Nemours & Co. C-8 Pers. Inj. Litig.*, 316 F. Supp. 3d 1021 (S.D. Ohio 2015) is out of state; *Galeana Telecomm. Invs., Inc. v. Amerifone Corp.*, 202 F. Supp. 3d 711 (E.D. Mich. 2016) draws a distinction between tort claims with a legal duty element (e.g., negligence) and tort claims that do not (e.g., classic fraud); *Loweke v. Ann Arbor Ceiling & Partition Co.*, 489 Mich. 157 (2011) injury at a construction site where several cement boards fell; *Grand Traverse Band of Ottawa & Chippewa Indians v. Blue Cross & Blue Shield of Michigan*, 391 F. Supp. 3d 706 (E.D. Mich.

6

## V. RPT DOES NOT ARGUE THE ECONOMIC LOSS DOCTRINE AND SUCH DOCTRINE IS INAPPLICABLE HERE.

Contrary to CC&D's inaccurate assertions, RPT's argument does not involve the economic loss doctrine. Rather, RPT argues CC&D does not and cannot point to an independent legal duty existing separate and distinct from the Agreement. Because the duties alleged in this case arose from the Agreement, under Wisconsin (and Michigan) law, the Agreement precludes CC&D's negligence claim.

## VI. CC&D'S ADMISSION IT WAS AWARE THE DUTIES RPT ALLEGEDLY BREACHED AROSE UNDER THE AGREEMENT IS UNDISPUTABLE.

CC&D argues its admission (that it knew the purported breach was of "RPT's duties under the agreement") cannot serve as a legal conclusion. [ECF No. 13-4, PageID.100]. However, this language makes clear CC&D and its President are and were aware RPT's duties in this action derived from the Agreement – not any legal duty separate and distinct from the Agreement. Even if this statement constitutes a legal conclusion by a lay person, this is irrelevant as it does not change the outcome.

### **CONCLUSION**

For the foregoing reasons, this Court should grant summary judgment in RPT's favor and dismiss CC&D's Complaint on the merits, with prejudice and costs.

---

2019) breach of an ERISA plan administrator's fiduciary duty; *Quest Diagnostics, Inc. v. MCI WorldCom, Inc.*, 254 Mich. App. 372 (2002) and *Shister v. Patel*, 322 Wis. 2d 222, 231 (Ct. App. 2009) concern the economic loss doctrine which is inapplicable here; and *In re Dickson*, 655 F.3d 585, 593 (6th Cir. 2011) concerns legal conclusions of lay persons which is not determinative here.

Respectfully submitted this 30th day of May, 2024.

          Respectfully submitted,


          <u>/s/ K. Scott Wagner</u>
          K. Scott Wagner (Bar No. 1004668)
          Kirstin R. Mathers (Bar No. 1127157)
          Attolles Law, s.c.
          222 E. Erie St., #210
          Milwaukee, WI 53202
          T: (414) 644-0391(Wagner office)
            (414) 644-0396 (Mathers office)
          E: swagner@attolles.com
            kmathers@attolles.com

          Brion B. Doyle (P67870)
          VARNUM LLP
          Bridgewater Place, P.O. Box 352
          Grand Rapids, MI 49501-0352
          (616)336-6000
          bbdoyle@varnumlaw.com

          *Attorneys for Defendant, RPT Restaurant Accounting Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2024, I electronically filed Defendant's Reply Brief in Support of Defendant's Motion for Summary Judgment and this Certificate of Service with the Clerk of the Court using the Court's e-filing system, which will automatically notify all counsel of record.

/s/ K. Scott Wagner
K. Scott Wagner (Bar No. 1004668)
